UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **USAA LIFE INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 3:19-CV-259-JWD-EWD** |
| **RICHARD L. POURCIAU, JR. ET AL** | |

**RULING AND ORDER**

This matter comes before the Court on a *Motion for Summary Judgment as to Counterclaim* (Doc. 42) by Plaintiff and Counter-Defendant USAA Life Insurance Company ("USAA Life"). Defendant and Counter-Claimant Richard Pourciau, Jr. ("Richard Jr.") opposes the motion. (Doc. 50.) USAA Life has filed a reply. (Doc. 55.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the motion is granted.

**I.    Relevant Factual Background**

This matter arises from an interpleader action commenced by USAA Life to resolve the competing claims of Jeffre Pourciau ("Jeffre"), as trustee of the Pourciau Family Trust ("Pourciau Trust"), and Richard Jr. to the proceeds of an annuity contract payable upon the death of Richard Pourciau, Sr. ("Richard Sr."). (Doc. 1.) Named as defendants in the interpleader action are the Pourciau Trust and Richard Sr. and Patricia Pourciau's ("Patricia") four children: Jeffre, Brent Pourciau ("Brent"), and René Pourciau Johnson ("René"). (*Id.*) Richard Jr. filed an Answer and Counterclaim asserting a cause of action for negligence against USAA Life. (Doc. 17.) Because the parties are familiar with the facts of this case, they are discussed here only as necessary to explain the Court's decision.

1

In 1999, Richard Jr. and Patricia contracted with USAA Life for an annuity contract, with Richard Sr. as the annuitant. (Statement of Uncontested Material Facts by USAA Life ("SUMF") 1, Doc. 42-2.)[1] Under the terms of the contract, Richard Sr. and Patricia were the annuity's co-owners, (SUMF 1) and Patricia was the designated primary beneficiary of the annuity's death benefit. (SUMF 2.) In 2005, Richard Sr. and Patricia executed an Absolute Assignment of Insurance Contract, transferring ownership of the annuity to the Pourciau Trust in their capacity as settlors and trustees of the Pourciau Trust. (SUMF 4.)

According to Richard Jr., in August 2007, Richard Sr. and Patricia informed him that they were changing the primary beneficiary of the annuity from Patricia to Richard Jr. (Doc. 17 at 5.) Richard Jr. claims that he later accessed his online USAA account, and the annuity information showed that he was the designated primary beneficiary. (*Id.*) In 2009, René noticed that this annuity information also appeared on her online USAA account. (Doc. 50-5 at 4.) Later that year, René changed the annuity's beneficiary through her online USAA account to designate her children. (*Id.*) Richard Jr. alleges, that upon learning of the change, he went to his parents' home on December 4, 2009 and showed them online where the annuity account designated René's children as the beneficiary. (Doc. 50 at 4; *see also* Doc. 17 at 5.) According to Richard Jr., this prompted Richard Sr. to immediately use the online beneficiary change tool on the screen, which was logged into Richard Jr.'s USAA account, to redesignate Richard Jr. as the annuity's beneficiary. (Doc. 50 at 4; *see also* Doc. 17 at 5.)

During the Rule 30(b)(6) deposition of USAA Life, Monica Murray testified on USAA Life's behalf regarding the annuity. (Rule 30(b)(6) Deposition of Monica Murray on behalf of

---

[1] This fact was admitted to by Richard Jr. in his Opposing Statement of Material Facts ("OSMF"). (Doc. 50-1 at 1, ¶ 1.) Unless otherwise indicated, when the Court cites to the SUMF in support of a fact, that fact has been admitted by Richard Jr. in the OSMF.

2

USAA Life ("Murray Dep."), Doc. 42-4.) Ms. Murray explained that USAA granted online access to the annuity to Richard Sr. and Patricia, as trustees of the Pourciau Trust. (*Id*. at 85, 91–92.) Ms. Murray further testified that the USAA representative who handled the ownership change to the Pourciau Trust erroneously listed Richard Jr. as a trustee on the account instead of Richard Sr., which then gave Richard Jr. the ability to access the annuity online. (*Id*. at 24, 92–93.)

Richard Jr. contends that three online beneficiary changes have occurred since the annuity was issued in 1999. (Doc. 50 at 1.) USAA Life, by contrast, maintains that only one purported beneficiary change has occurred: the December 4, 2009 beneficiary change request entered from Richard Jr.'s online USAA account. (Murray Dep., Doc. 42-4 at 24–26.) Ms. Murray testified, however, that USAA does not recognize Richard Jr. as a beneficiary because the December 4, 2009 transaction was not a valid change in accordance with the terms of the annuity contract. (*Id*. at 68–69.) Finally, Ms. Murray confirmed that USAA has no record of any other beneficiary changes to the annuity at any time. (*Id*. at 69–70, 72.) Accordingly, USAA Life seeks dismissal of Richard Jr.'s counterclaim against it through the instant motion for summary judgment.

## II.   Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586–87, 106 S. Ct. 1348 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III. Discussion

#### A. Parties' Arguments

##### 1. *USAA Life's Original Memorandum (Doc. 42-1)*

In support of its motion, USAA Life essentially argues that Richard Jr.'s allegations are insufficient to create an issue of fact as to whether any negligence on USAA Life's part has resulted in damage to Richard Jr. or otherwise caused this litigation. (Doc. 42-1 at 12.) Specifically, USAA Life contends that, contrary to Richard Jr.'s assertions, the Rule 30(b)(6) deposition testimony of Ms. Murray establishes that USAA Life maintained accurate records for the annuity since it was purchased in 1999 and that, according to these records, Richard Jr. has never been a designated beneficiary under the contract. (*Id*. at 12.) USAA Life also argues that there is no evidence that it was negligent in allowing unauthorized persons to make online changes to the annuity, since the only unauthorized change was made by Richard Jr. himself. (*Id*.)

### 2. Richard Jr.'s Opposition (Doc. 50)

In opposition, Richard Jr. argues that the motion should be denied because the evidence shows that USAA "directly caused or contributed to this dispute through several careless acts," such that a reasonable trier of fact could find in his favor at trial. (*See* Doc. 50 at 1, 12.) Richard Jr. further argues that the parties' disagreement as to the number of beneficiary changes submitted to USAA Life during the term of the annuity presents a factual dispute that must resolved by the fact finder, since USAA apparently did not keep records of online changes dating back to the relevant time period. (*See id*. at 2 (citing Doc. 50-6 at 11).)

### 3. USAA Life's Reply (Doc. 55)

In reply, USAA Life asserts that Richard Jr.'s opposition fails to raise any material factual issues to defeat its motion for summary judgment. USAA Life devotes its reply brief to objecting to the Declaration submitted with Richard Jr.'s opposition as inadmissible hearsay evidence that the Court should not consider in ruling on this motion. (Doc. 55 at 2–5.)[2]

## B. Applicable Law

Where jurisdiction is founded on diversity, federal courts must apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938); *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014) (citing *Westlake Petrochems., L.L.C. v. United Polychem., Inc.*, 688 F3d 232, 238 n.5 (5th Cir. 2012)). Here, there is no dispute that Louisiana law applies.

Louisiana Civil Code article 2315 provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315.

---

[2] The Court does not address the specific objections USAA Life raised in response to the statements in Richard Jr.'s Declaration (Doc. 50-2 at 2–3) because, as will be explained below, the Court does not rely on the Declaration in ruling on this motion. Further, even if the Richard Jr.'s Declaration were admissible, the Court would still find that USAA Life is entitled to summary judgment on Richard Jr.'s counterclaim as a matter of law.

"The duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability under" Article 2315. *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095 (La. 3/10/06), 923 So.2d 627, 632–33 (citing *Mathieu v. Imperial Toy Corp.*, 94-0952 (La. 11/30/94), 646 So.2d 318, 321). Under this analysis, a plaintiff must prove five separate elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Id.* at 633 (citing *Fowler v. Roberts*, 556 So.2d 1, 4 (La. 1989), *reh'g granted on other grounds and original opinion reinstated as supplemented*, 556 So.2d at 13 (La. 1990)). "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability." *Id.* (citing *Mathieu*, 646 So.2d at 326).

### C. Analysis

Richard Jr. claims that USAA Life is liable for negligence based on USAA Life's provision of online access to family members who were not authorized to make changes to the annuity account, as well as its failure to maintain accurate records of all online beneficiary change requests, thereby causing this dispute. (*See* Doc. 50 at 1; *see also* Doc. 17 at 6.) He devotes much of his opposition brief to outlining the alleged failures of USAA Life that he contends raise a genuine issue for trial on the breach and causation elements of his claim. These arguments, however, do little to address the central question in this case: whether USAA Life owed an independent duty of care to Richard Jr. with respect to its management of records and online account access for the annuity contract.

6

"A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty." *Lemann*, 923 So.2d at 633 (citing *Meany v. Meany*, 94-0251, p. 6 (La. 7/5/94), 639 So.2d 229, 233)). The Louisiana Supreme Court has explained the duty element of the duty-risk analysis as follows:

> Whether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.

*Lemann*, 923 So.2d at 633 (internal citations omitted).

In his opposition, Richard Jr. observes that "USAA is an insurer that accepts money in return for the promise to pay death benefits to policy beneficiaries" and "provides its members with the ability to manage policy information online." (Doc. 50 at 5.) Based on this, Richard Jr. reasons that "USAA owes third-party beneficiaries of its life insurance contracts a duty to keep complete and accurate records of all beneficiary changes, including those made online." (*Id.*) Second, he asserts, without citing any authority, that "certainly USAA has a duty to safeguard its accounts by granting online access only to those members who are authorized to service an annuity contract online." (*Id.* at 5–6.) The Court finds that neither of these arguments support the existence of a duty under the facts and circumstances of this case.

### 1. Third Party Beneficiary

First, it is undisputed that Richard Jr. was not a party to the annuity contract. (*See* SUMF 1.) The parties also admit that, after the annuity's ownership was transferred to the Pourciau Trust in 2005, Richard Sr. and Patricia, as trustees, were the persons authorized to access the annuity account and make online changes. Consequently, Richard Jr. apparently claims a third-party beneficiary status to the contract between his parents and USAA Life.

7

Louisiana Civil Code article 1978 provides that "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." La. Civ. Code art. 1978. Under Louisiana law, a contract for the benefit of a third party is called a "stipulation *pour autrui*." *Williams v. Certain Underwriters At Lloyd's of London*, 398 Fed.Appx. 44, 47 (5th Cir. 2010) (citing *Paul v. La. State Emps.' Grp. Benefit Program*, 762 So.2d 136, 140; BLACK'S LAW DICTIONARY 1551 (9th ed. 2009)). "A stipulation *pour autrui* is never presumed. The party claiming the benefit bears the burden of proof." *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 05-2364, p. 9 (La. 10/15/06), 939 So.2d 1206, 1212 (citing La. Civ. Code art. 1831; *Paul*, 762 So.2d at 140)). "A court should consider 'three criteria for determining whether contracting parties have provided a benefit for a third party.' These criteria are whether '1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee.'" *Williams*, 398 Fed.Appx. at 47 (quoting *Joseph*, 939 So.2d at 1212) (internal citations omitted). *See also Joseph*, 939 So.2d at 1212 ("The most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof.").

Insofar as Richard Jr. maintains that he is a third-party beneficiary of the annuity, he offers no evidentiary support for this assertion. As discussed in the Court's previous Motion for Summary Judgment ruling, (Doc. 65) the unambiguous terms of the annuity contract clearly designate Patricia as the primary beneficiary and Jeffre, Brent, and René as contingent beneficiaries. Notably absent from the contract is any reference to Richard Jr. Put differently, there is nothing in the annuity manifesting a clear intent by the contracting parties to benefit

8

Richard Jr. The Court therefore finds that Richard Jr. has not shown the existence of a duty by virtue of a contractual relationship or third-party beneficiary status.

### 2. *Assumption of Duty*

Next, "[u]nder Louisiana law, one who does not owe a duty may assume such a duty by acting." *Hebert v. Rapides Parish Police Jury*, 06-2001, p. 9 (La. 4/11/07), 974 So.2d 635, 643 (citing Frank L. Maraist & Thomas C. Galligan, *Louisiana Tort Law* 5.07[6], 5–27 (Supp. 2006)). According to the Louisiana Supreme Court, "an assumption of duty arises when the defendant (1) undertakes to render services, (2) to another, (3) which the defendant should recognize as necessary for the protection of a third person." *Hebert*, 974 So.2d at 643 (citing *Bujol v. Entergy Services, Inc.*, 03-0492, p. 16 (La. 5/25/04), 922 So.2d 1113, 1129). "[T]he determination of whether such action was taken involves an examination of the scope of the defendant's involvement, the extent of the defendant's authority, and the underlying intent of the defendant." *Hebert*, 974 So.2d at 644 (citing *Bujol*, 922 So.2d at 1131). *See also Hebert*, 974 So.2d at 644 ("The burden is on the plaintiff to prove by a preponderance of the evidence facts sufficient to establish the action undertaken by the defendant.").

Richard Jr. asserts that "[i]t is incumbent on an insurer to safeguard its accounts from unauthorized beneficiary changes by being careful enough not to prove online access to unauthorized users." (Doc. 50 at 12.) Yet he cites to no legal authority or evidence establishing why USAA Life was obligated to Richard Jr. to protect the online access to the annuity—which he is neither an owner nor a beneficiary of—by ensuring that only authorized trustees were granted access. Moreover, all USAA members who access their accounts online must agree to the USAA Online Agreement. (*See* Murray Dep., 42-4 at 91.) The Online Agreement states, in part:

9

> If you authorize another person to act on your behalf through a valid Power of Attorney or other delegation acceptable to USAA, we may grant that person Site access to view information and conduct transactions within your accounts until you notify us that you have revoked these access rights. You are responsible for the actions of your delegate or attorney-in-fact while accessing this Site. If you access this Site on behalf of another person, you represent and warrant that the authorization of Power of Attorney is currently in force and authorizes the activity you conduct at this Site.

(Doc. 42-12 at 3.) This provision of USAA's Online Agreement suggests that USAA Life did not intend to undertake an affirmative duty to verify that all online transactions were made by authorized account owners, or to assume responsibility for business conducted online by non-account owners.

In sum, the Court finds that neither USAA's creation of an online account for authorized trustees nor USAA's keeping of complete account records equates to assuming a duty to Richard Jr. with respect to the annuity at issue. At best, USAA Life owed a duty of care in its administration of the account to the annuity's owner, the Pourciau Trust, and by extension, Richard Sr. Yet Richard Jr. is not asserting a claim on behalf of his father or the Pourciau Trust for such a breach. Based on the applicable law and the record evidence, drawing all inferences in favor of the nonmoving party, the Court concludes that Richard Jr. has not shown that USAA Life owed him a duty that could supply a basis for recovery under a negligence theory. Further, having decided that Richard Jr.'s counterclaim fails as a matter of law based on the absence of a duty, the other elements of the duty-risk analysis need not be addressed.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion for Summary Judgment as to Counterclaim* (Doc. 42) filed by Plaintiff and Counter-Defendant USAA Life Insurance Company is **GRANTED**, and

that Defendant and Counter-Claimant Richard Pourciau, Jr.'s counterclaim for negligence against USAA Life is hereby **DISMISSED** with prejudice.

Plaintiff and Counter-Defendant USAA Life Insurance Company is further instructed to file any motion claiming attorney's fees and related expenses within fourteen (14) days after entry of judgment.[3]

Signed in Baton Rouge, Louisiana, on January 13, 2022.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[3] *See* Fed. R. Civ. P. 54(d).