UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

USAA LIFE INSURANCE COMPANY

CIVIL ACTION

VERSUS

NO. 19-259-JWD-EWD

RICHARD L. POURCIAU, JR., ET AL

## RULING AND ORDER

Before the Court is Defendant and Counter-Claimant Richard Pourciau, Jr.'s ("Richard Jr.") *Motion to Review*, (Doc. 80), and Defendant Jeffre Pourciau's ("Jeffre") and Defendant Brent Pourciau's ("Brent") *Motion to Review Clerk's Taxation of Costs and Opposition to Motion to Review* ("*Motion to Review Clerk's Taxation of Costs*"), (Doc. 81). Both motions were opposed (Docs. 81, 83–84). The Court has considered the parties' submissions and the applicable law. For the following reasons, Richard Jr.'s *Motion to Review*, (Doc. 80), is granted in part and denied in part, and Jeffre and Brent's *Motion to Review Clerk's Taxation of Costs*, (Doc. 81), is granted in part and denied in part. Costs shall be taxed against Richard Jr. and in favor of USAA Life Insurance Company ("USAA Life") in the amount of $1,850.60. Costs shall be taxed against Richard Jr. and in favor of Jeffre and Brent in the amount of $2,106.95.

I. **LEGAL STANDARD**

Taxation of costs by the clerk of court is subject to *de novo* review by the court. *Sigur v. Emerson Process Mgmt.*, No. 05-1323, 2008 WL 1908590, at *2 (M.D. La. Feb. 21, 2008) (citing *Greene v. Fraternal Order of Police*, 183 F.R.D. 445, 447 (E.D. Pa. 1998); *Montgomery Cnty. v. Microvote Corp.*, No. 97-6331, 2004 WL 1087196, at *1 (E.D. Pa. May 13, 2004)). Under Rule 54 of the Federal Rules of Civil Procedure, the prevailing party in litigation is "presumptively entitled" to an award of costs. FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a

court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Nevertheless, the district court retains discretion in determining whether and to what extent it should award costs to a prevailing party. *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006). The court, however, recognizes a "strong presumption" that the district court will likely do so. *Id.* (citing *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992)). The appellate court will "review for abuse of discretion, but if the [district] court does not award costs to the prevailing party, [the appellate court] will require the district court to state its reasons." *Id.* But, a court may not award costs to the prevailing party unless it first determines "that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation." *Roberson v. Brassell*, 29 F. Supp. 2d 346, 355 (S.D. Tex. 1998) (citing *Com. Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1367 (7th Cir. 1990)); *see also Schwarz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 1985) (explaining that an award of costs is entrusted to the sound discretion and judgment of the district court, which is guided by sound legal principles).

## II. ANALYSIS

### A. USAA Life's Bill of Costs

Richard Jr. requested review of the *Clerk's Taxation of Costs*, (Doc. 78), which was responsive to USAA Life's Bill of Costs, (Doc. 67). Richard Jr. argues that USAA Life is not an innocent stakeholder who can have costs taxed, or, in the alternative, USAA Life is not entitled to all the costs it seeks from Richard Jr.

It is well-settled that a district court has the authority to award reasonable costs and attorney's fees to a disinterested stakeholder in rule interpleader actions. *Gen. Elec. Cap. Assur. v. Van Norman*, 209 F. Supp. 2d 668, 672 (S.D. Tex. 2002); *Rhoades v. Casey,* 196 F.3d 592, 603

(5th Cir. 1999); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983). Additionally, in this instance, USAA Life was also the prevailing party on its Motion for Summary Judgment as to Counterclaim, (Doc. 42), which resulted in the dismissal of Richard Jr.'s counterclaim against it, (Doc. 66). The Court finds that USAA Life remained a disinterested stakeholder. USAA did not enter into the conflict or become part of the controversy, except to defend itself against Richard Jr.'s claims against it, which this Court summarily dismissed, (Doc. 66). *Compare Gen. Elec. Capital Assur.*, 209 F. Supp. 2d at 672; *Rhoades,* 196 F.3d at 603; *Corrigan Dispatch Co.*, 696 F.2d at 364, *with Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980). Accordingly, the Court is persuaded by USAA Life's arguments (Doc. 67-1 at 2–3; Doc. 83) and finds it is equitable and appropriate to tax the $400 interpleader filing fee against Richard Jr., as well as the Monica Murray deposition costs. For the reasons set forth in Section II, B, *infra*, however, the Court will reduce the costs awarded to USAA Life for the Monica Murray deposition to $1450.60. In total, the Court will award USAA Life $1,850.60 in costs, which are taxable to Richard Jr.

### B. Monica Murray Deposition Costs

The parties do not dispute that the Monica Murray deposition was necessarily obtained for use in the case. Richard Jr. argues, however, that the upcharges, electronic transcript fee, color exhibit costs, shipping and handling charge, and other miscellaneous fees are not taxable. Upon review of the itemized invoice submitted with Jeffre and Brent's Supplement to Verification of Bill of Costs, (Ex. B-1, Doc. 81-3), the Court is persuaded, in part. The Court finds that the following charges totaling $1285.59 should not be taxed against Richard Jr.:

- Upcharge – 8 day: $178.19

- Upcharge – Remote Video Conferencing: $78.50

3

- E-Tran: $30.00

- Document Copies: $938.90

- Shipping and Handling: $60.00

Jeffre and Brent have not provided sufficient justification for the costs of an expedited transcript to be taxed against Richard Jr. In fact, Jeffre and Brent concede that the deposition delays were not attributable to Richard Jr. (Doc. 81-1 at 7). Moreover, Jeffre and Brent did not seek the Court's intervention in advance to either request additional time to conduct the deposition or seek approval for the rush rate. *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 132 (5th Cir. 2015); *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). Jeffre and Brent likewise have not persuaded the Court that the fee for an electronic copy of the transcript (in addition to the written copy) or the amorphous "document copies" listed on the court reporter's itemized invoice were necessarily obtained for use in the case and not for the convenience of the parties. Accordingly, the Court will not tax the $30 electronic transcript charge or the $938.90 charge for "document copies." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 134 (5th Cir. 1983) (stating the "cost of copies is taxable only if the copies were necessarily obtained for use in the case"). Finally, the Court finds the shipping and handling costs and remote video conference costs to be incidental administrative costs that are not recoverable under 28 U.S.C. § 1920. *U.S. ex rel. Long*, 807 F.3d at 133 ("As with the cost of expediting transcripts of depositions, incidental costs like shipping, binding, and tabbing are generally not taxable, as these costs are not listed in § 1920."); *Halliburton Energy Servs., Inc. v. M-l, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007) ("[I]ncidental costs associated with depositions, such as the cost of expedited delivery charges, ASCII disks, and parking, are generally not recoverable.").

The Court does, however, conclude that the court reporter's appearance fee, read and sign

4

charge, and exhibit management fee were necessary fees for the court reporter to produce the original deposition transcript, which is taxable under 28 U.S.C. § 1920(2). Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case are recoverable under 28 U.S.C. § 1920(2). 28 U.S.C. § 1920(2); *Halliburton Energy Servs., Inc.*, 244 F.R.D. 369, 371. Accordingly, the court reporter's fees ($276.00, $40.00, $100.00, respectively) are taxable against Richard Jr. Finally, the Court is persuaded by Jeffre and Brent's arguments that both black/white and color exhibits were necessary for document authentication purposes, (Doc. 81-1 at 7), and, thus, will allow the charges for both color and black/white exhibits to be taxed ($639 and $60, respectively).

In summary, the Court will tax Richard Jr. with Jeffre and Brent's costs in the amount of $1,939.25 for the Monica Murray deposition and with USAA Life's costs in the amount of $1,450.60 for the Monica Murray deposition.

### C. Disbursements For Printing and Copy Costs

Richard Jr. opposes Jeffre and Brent's claim for printing and copy costs based upon insufficient supporting documentation. The Court finds that the Clerk properly rejected Jeffre and Brent's initial request for printing and copy costs, (Doc. 75). After reviewing Jeffre and Brent's *Motion to Review Clerk's Taxation of Costs*, (Doc. 81), and *Supplement to Verification of Bill of Costs*, (Doc. 81-2), however, the Court finds the printing and copy costs to be sufficiently substantiated. *Studiengesellschaft Kohle mbH*, 713 F.2d at 133; *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 687 (E.D. Tex. 2007) ("Costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity."). Accordingly, the Court will tax these costs, albeit at a reduced rate. Printing and copy costs in the amount of $145.20 (1,452 pages at .10/page) shall be taxed to Richard Jr. in favor of Jeffre and Brent. *Sigur*, 2008

5

WL 1908588, at *6; *Wolf v. Wolf*, 570 F. Supp. 826, 828 (D.S.C. 1983).

### D. Docket Fees Under 28 U.S.C. § 1923

Richard Jr. challenges Jeffre and Brent's claim to $22.50 in docket fees under 28 U.S.C. § 1923 as archaic and unsubstantiated. Docket fees are specifically listed as taxable costs in 28 U.S.C. § 1920(5), however. Accordingly, the Court will award $22.50 in docket fees to Jeffre and Brent as requested. *See Karsoules v. Moschos*, 16 F.R.D. 363, 365 (E.D. Va. 1954) ("It is not the duty of the Court to inquire into the intent of Congress in providing for the taxation of small docket fees to be paid to attorneys and proctors under Section 1923. Whether it is by way of supplementing compensation to counsel or in the nature of a penalty is immaterial. In the exercise of proper discretion, it is as much a part of the taxable costs as any other item."); *Sanders v. Cain*, No. 11-227, 2015 WL 9946422, at *2 (M.D. La. Dec. 31, 2015), *report and recommendation adopted*, 2016 WL 398187 (M.D. La. Feb. 1, 2016) (finding an award of docket fee appropriate upon entering of summary judgment and citing *Mikel v. Kerr*, 64 F.R.D. 93 (E.D. Okla. 1973), *aff'd*, 499 F.2d 1178 (10th Cir. 1974)).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant and Counter-Claimant Richard Pourciau, Jr.'s *Motion to Review*, (Doc. 80), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED** that Defendant Jeffre Pourciau and Defendant Brent Pourciau's *Motion to Review Clerk's Taxation of Costs*, (Doc. 81), is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that the *Clerk's Taxation of Costs*, (Docs. 79 and 80), are vacated. The Court taxes $1,850.60 of USAA Life Insurance Company's costs and $2,106.95 of

Jeffre Pourciau and Brent Pourciau's costs against Richard Pourciau, Jr.

Signed in Baton Rouge, Louisiana, on September 19, 2023.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**